IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *

v.                             *       Case No. JKB-17-0589

JUAN CARLOS SANDOVAL-RODRIGUEZ*

*   *   *   *   *   *   *   *   *   *   *   *   *

## MOTION TO SUPPRESS SEARCH EVIDENCE

Now comes the Defendant, Juan Carlos Sandoval-Rodriguez, by his attorneys, Law Offices of Gerald C. Ruter, P.C. and Law Offices of Michael Wiseman and pursuant to F.R.Cr.P. 12, he respectively moves this Honorable Court to suppress all evidence obtained directly and/or indirectly as a result of the execution of a **search warrant on or about August 2, 2017, for the extraction of DNA from the person of the Defendant** and in support of his Motion says as follows:

1. Mr. Sandoval-Rodriguez is charged with five others with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C 1962(d); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. 1959(a)(5); and murder in aid of racketeering, in violation of 18 U.S.C. 1959(a)(1).

2. On or about July 24, 2017, Det. Daniel Myers of the Anne Arundel County Police Department, requested and received permission from Judge Alison Asti of the Anne Arundel County

Circuit Court to extract a DNA sample by swabbing of the Defendant, who at the time of the execution of the warrant was an inmate at the Anne Arundel County Detention Center, having been charged in the murder of Victim 1 by the state. That murder was believed by investigators to have occurred on or about March 11, 2016.

3. The warrant lacks probable cause.

4. The warrant fails to establish an adequate nexus between the place and thing to be searched and the probable cause, if any.

5. The warrant fails to establish probable cause to believe that the things sought to be seized will be found in the place to be searched.

6. The warrant is a general warrant.

7. The warrant was executed in such a manner as to have the legal effect of being a general warrant.

8. The warrant was so facially deficient of probable cause that the affiant could hold no reasonable belief as to its legality.

9. The warrant violated the Defendant's right to counsel.

**WHEREFORE**, it is prayed this Honorable Court suppress any evidence seized directly or indirectly from the search as being in violation of the Fourth and Fifth Amendments to the United States Constitution.

Respectfully Submitted,

/s/
---
Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Ruterlaw@verizon.net

/s/
---
Law Offices of Michael Wiseman
Michael Wiseman
1221 Locust Street
Philadelphia, Pennsylvania 19107
(215)450-0903
Wiseman_law@comcast.net

**GROUNDS AND AUTHORITIES:**

Illinois v. Gates, 462 U.S. 213 (1983)

Massachusetts v. Upton 466 U.S. 727 (1984)

United States v. Hurwitz, 459 F.3d 463 (4th Cir.2006)

United States v. Grossman, 400 F.3d 212 (4th Cir.2005)

United States v. Leon, 468 U.S. 897 (1984)

Fourth Amendment, United States Constitution

Fifth Amendment, United States Constitution

**Request for hearing**

A hearing is requested pursuant to Local Rule 105.6.

## Certificate of filing

I HEREBY CERTIFY that a copy of this paper was sent electronically to all counsel of record on this 28th day of February, 2019.

/s/
_____
Gerald C. Ruter